# CONNELL FOLEY LLP

## ATTORNEYS AT LAW

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD (2012)
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. McAULEY
PETER J. PIZZI* +
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. McBRIDE*
VINCENT J. TORNA-
JEFFREY W. MORYAN*
EDWARD S. WARDELL
PETER J. SMITH*
WILLIAM P. KRAUSS
BRIAN G. STELLER
PHILIP F. McGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY*
MICHAEL J. CROWLEY-
TIMOTHY E. CORRISTON* PATRICK J.
HUGHES* +
JAMES C. McCANN*
JOHN D. CROMIE

ANGELA A. IUSO*
WILLIAM T. McGLOIN*
BRENDAN JUDGE
STEPHEN A. URBAN
CHARLES J. HARRINGTON III +
FRANK T. CARA*
STEPHEN V. FALANGA*
TRICIA O'REILLY*
ANTHONY F. VITIELLO* +
MARC D. HAEFNER
JONATHAN P. McHENRY
BRAD D. SHALIT*
M. TREVOR LYONS*
CRAIG S. DEMARESKI*
W. NEVINS McCANN*
THOMAS J. O'LEARY*
MITCHELL W. TARASCHI
MICHAEL A. SHADIACK
OWEN C. McCARTHY*
PATRICIA A. LEE* +
AGNIESZKA ANTONIAN*
NEIL V. MODY*
STEVE BARNETT*
THOMAS M. SCUDERI*
JOSEPH M. MURPHY*
NANCY A. SKIDMORE*
CHRISTINE S. ORLANDO
JENNIFER C. CRITCHLEY*
PATRICK S. BRANNIGAN*
CHRISTINE I. GANNON*
ANDREW C. SAYLES*
WILLIAM D. DEVEAU*
HECTOR D. RUIZ*
MEGHAN BARRETT BURKE*

PLEASE REPLY TO ROSELAND, NJ

85 LIVINGSTON AVENUE
ROSELAND, NJ 07068
(973) 535-0500
Fax: (973) 535-9217

OTHER OFFICES

HARBORSIDE FINANCIAL CENTER
2510 PLAZA FIVE
JERSEY CITY, NJ 07311
(201) 521-1000
Fax: (201) 521-0100

888 SEVENTH AVENUE
9TH FLOOR
NEW YORK, NY 10106
(212) 307-3700
Fax: (212) 262-0050

PORT LIBERTÉ
23 CHAPEL AVENUE
JERSEY CITY, NJ 07305
(201) 521-0200
Fax: (201) 706-2160

LIBERTY VIEW BUILDING
457 HADDONFIELD ROAD
SUITE 230
CHERRY HILL, NJ 08002
(856) 317-7100
Fax: (856) 317-7117

1500 MARKET STREET
12TH FLOOR
EAST TOWER
PHILADELPHIA, PA 19101
(215) 246-3403
Fax: (215) 665-5727

COUNSEL

BERNARD M. HARTNETT, JR.*
JOHN W. BISSELL
EUGENE J. CODEY, JR.
FRANCIS J. ORLANDO
FRANCIS E. SCHILLER*
EUGENE P. SQUEO*
BRIAN P. MORRISSEY-
NOEL D. HUMPHREYS* ANTHONY
ROMANO II*
KARIN L. SPALDING*

DOUGLAS J. SHORT*
MARK A. FORAND*
OLIVIA F. CLEAVER+
STEPHEN D. KESSLER
CHRISTOPHER ABATEMARCO*
INGRID E. DA COSTA
LEO J. HURLEY*
RUKHSANAH L. SINGH*
BRITTANY E. MIANO*
STACIE L. POWERS*
NICOLE B. DORY*
MICHAEL BOJEASA-
CHRISTOPHER M. HEMRICK*
SUSAN KWIATKOWSKI*
MELISSA D. LOPEZ
JASON D. FALK*
JAMES F. SULLIVAN, JR.*
BROOKE E. BOWLES*
ALLYSON M. KASETTA*
MEGHAN K. MUSSO*
BRENDAN W. CARROLL*
ELEONORE OFOSU-ANTWI*
EDMUND J. CAULFIELD*
SYDNEY J. DARLING*

JODI ANNE HUDSON*
RICHARD A. JAGEN
JASON E. MARX*
ALEXIS E. LAZZARA
GAIL GOLDFARB*
THOMAS VECCHIO+
DANIEL B. KESSLER*
ROBERT A. VERDIBELLO*
MICHELE T. TANTALLA*
PHILIP W. ALLOGRAMENTO III*+

NEIL V. SHAH*
STEPHEN R. TURANO*
STEVEN A. KROLL*
MATTHEW A. BAKER+
MICHAEL J. CREEGAN*
THOMAS M. BLEWITT, JR.+
ZULFIA T. CORRIGAN-
MARY HURLEY KELLETT*
DANIELLE M. NOVAK+
KATELYN O'REILLY
JAMES E. FIGLIOZZI-
MATTHEW D. FIELDING*
MARIEL L. BELANGER*
NICHOLAS W. URCIUOLI
GENEVIEVE L. FAIRCLOUGH
CHRISTINA SARTORIO*
THOMAS M. WESTER
DANIEL E. BONILLA*
CAITLIN PETRY CASCINO*
THOMAS FORRESTER, JR.
KARA M. STEGER-
MICHAEL A. ROLEK
AMANDA M. CURLEY
JOSEPH I. LINARES*

*ALSO ADMITTED IN NEW YORK
+ALSO ADMITTED IN PENNSYLVANIA
-ONLY ADMITTED IN NEW YORK

November 10, 2014

**VIA ECF**
Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   **Cohen v. Aetna, No. 14-4697 (LGS)**

Dear Judge Schofield,

Pursuant to Paragraph 13(a) of the Case Management Plan and Scheduling Order, the parties submit this joint letter on the status of discovery.

## A. Rule 26 Initial Disclosures

Paragraph 7 of the Case Management Plan and Scheduling Order required the parties to serve their Rule 26 Initial Disclosures by September 26, 2014.

Plaintiff served his Rule 26 Initial Disclosures on November 6, 2014. Defendant served its Rule 26 Initial Disclosures on September 25, 2014.

## B. Plaintiff's Discovery Requests

Plaintiff has yet to serve Defendant with any written discovery in this matter.

Honorable Lorna G. Schofield
November 10, 2014
Page 2

### C. Defendant's Discovery Requests

<u>Defendant's Position</u>

Defendant served its first set of discovery demands over two months ago, and despite repeated efforts to secure them, has yet to receive written responses to these requests. Accordingly, Defendant seeks a pre-motion conference pursuant to Section III.C.3 of Your Honor's Individual Rules.

Specifically, on September 10, 2014, Defendant served its first set of Interrogatories and Requests for the Production of Documents on the Plaintiff. On October 14, 2014, our office notified Mr. Santucci that we had yet to receive responses to our requests, and inquired as to when we should expect these responses. Having received no response, on October 24, 2014, we again contacted Mr. Santucci, at which time he indicated that he would serve written responses by October 31, 2014. Again having received no response, on November 4, 2014, we contacted Mr. Santucci to inquire as to when we should expect his client's responses to Defendants' pending discovery requests.

On November 5, 2014, Mr. Santucci served a single-paged document captioned "Response to Defendant's Document Demand." The body of this single-paged document states: "Plaintiff, Barry Cohen, M.D., by and through his attorneys, Santucci Law Offices, provide the attached documents." Attached to this document were just 42 pages of documents.

On November 6, 2014, we informed Mr. Santucci that this response was facially deficient, and failed to satisfy the requirements of Rules 33 and 34, which respectively require his client to serve written responses to each interrogatory and request for the production of documents.

To date, Plaintiff has not served responses to Defendant's interrogatories or requests for the production of documents. As recounted above, we have repeatedly conferred in good faith with Mr. Santucci to resolve this dispute, but to no avail. Pursuant to Section III.C.3 of Your Honor's Individual Rules, we hereby request a pre-motion conference in order to either resolve this dispute or to otherwise seek leave to file an appropriate motion.

<u>Plaintiff's Position</u>

As the Court indicated at the initial conference on this matter that the issues presented did not necessarily fall within the purview of ERISA. However, Mr. Shah in his Rule 26 Initial Disclosures or non disclosure, provided no information or documents whatsoever and merely referred to production of the Administrative Record at a later date.

The issues in this matter are the in Network or out of Network status of the Plaintiff and the error of the Defendant in deducting moneys owed by an inactive entity, Island Medical Services, Inc. owned by a Mordecai Bluth, M.D. from present claims submitted to the Defendant by the Plaintiff.

The claims of the patients involved are not in issue but merely a byproduct of the issues of the status of the Plaintiff and deductions by the Defendant to cover another medical provider's debt.

3265863-1

Honorable Lorna G. Schofield
November 10, 2014
Page 3

The medical claims are the basis for Mr. Shah's assertion of ERISA preemption.

Mr. Shah is laboring under the presumption that this matter is purely an ERISA matter and is churning the case in this fashion and demanding unnecessary and burdensome discovery.

Mr. Shah was requested to please amend his Rule 26 Initial Disclosure and include the documents in possession of his client regarding Dr. Cohen's in Network or out of Network status with Aetna and any documents indicating Dr. Cohen's responsibility for money owed to Aetna by Island Medical Services, Inc. and Mordecai Bluth, M.D.

Further, Mr. Shah was requested to provide all the documents indicating Aetna's agent, AfterMath Claim Science, Inc.'s deductions of money from Dr. Cohen's claims to satisfy Island Medical Services, Inc.'s debt.

Since neither is part of the Administrative Record these items were not forwarded to me.

I agree with Mr. Shah that a conference is needed to revisit the issue of removal, discovery and discuss settlement.

In my past numerous dealings with Aetna they have readily corrected administrative mistakes and made the party whole and perhaps a settlement conference should be ordered forthwith with the parties present.

As always, we appreciate Your Honor's attention to these matters.

<div style="margin-left:40%">

Respectfully,

*/s/ Neil V. Shah*

*Counsel for the Defendant*

*/s/ Robert Santucci*

*Counsel for the Plaintiff*

</div>

Enclosure

cc: Robert A. Santucci, Esq. (via ECF)

3265863-1